JOSEPH HORTON *vs.* INHABITANTS OF IPSWICH.

It is no defence to an action for an injury caused by a defect in a highway, that the town used ordinary care and diligence in repairing the road, if by such care the road was not made safe and convenient, but remained defective.

A person travelling on a highway obstructed with snow must use ordinary care in determining whether to proceed or return; and if guilty of negligence in proceeding, he cannot recover for any injury received from the defect in the way, to which his negligence in any way contributed.

THIS is an action of tort for injuries suffered by the plaintiff, from a defect in the highway, in the town of Ipswich, on the 28th and 31st days of January, 1852. The road alleged to be out of repair was a crossroad, intersecting with two other roads running nearly at right angles thereto, of which about two hundred rods of the northerly part is in Ipswich, and the southerly part is in the town of Hamilton. The whole of that part in Ipswich was alleged to be out of repair. The defect alleged was, that of great quantities of snow upon the way; that it was filled up with snow its whole length and width, so as to render it unsafe and inconvenient. At the trial in the court of common pleas, before *Byington*, J., the evidence of the plaintiff tended to show that on the 25th and 26th days of January, 1852, there was a great snow-storm, by which the way was greatly obstructed by snow; and that the same was suffered to remain until after the injuries suffered by the plaintiff; and that in passing over the way on the 28th and 31st of January, the plaintiff and his two yoke of oxen and two horses were injured.

The evidence of the defendants tended to show that the

winter of 1851–2, was unusual for the severity and frequency of snow-storms; that the road was opened several times prior to the 20th of January, and was opened on the 21st and 23d of January. It also appeared from the defendants' evidence, that nothing was done to open the road within the highway district, to which this road belonged, between the 23d of January and the 2d of February. There was also evidence tending to show that there were other roads between the termini of the road complained of, more used and more easily kept open, but the distance on these roads from one terminus to the other was considerably greater; that much of the travel of the road complained of, left it in the winter season, and went over adjoining fields, when the road was obstructed by snow; that the road was less used in the winter than in other seasons of the year, when it was not, as well as when it was obstructed.

The defendants requested the court to instruct the jury, that if the defendants had used ordinary care and diligence in the reparation of the way, the plaintiff could not recover; and that in determining whether ordinary care and diligence had been exercised by the defendants, in this instance, the jury were to consider the situation of the road, the extent to which it was used, and the extent and nature of the obstacle.

But the presiding judge declined so to rule, and ruled that it was no defence to the action to show that the defendants had used ordinary care and diligence in repairing the road, if they had not by such care made it safe and convenient, and the same remained defective; that if such proof was ever a defence, it would not be in this case, as it appeared from the defendants' evidence that they had done nothing to repair this or any other road within the highway district, in which the road was situate, from the 23d of January to the 2d of February, and the storm which had caused the obstruction having occurred on the 25th and 26th of January, and no evidence that from the severity of the weather or other cause, there was anything to prevent their working on the road, and as it did not appear that the defendants gave any notice or put up any

barriers or other thing to indicate that the road was out of repair; that if the state of the weather, the frequency and violence of storms, had been such that the town could not, by any reasonable exertions, have put the road in repair prior to the injury, and the plaintiff knew this, and yet attempted to pass, it was evidence from which the jury might infer negligence on his part; and if he was negligent, so that it contributed to the injury, he could not recover.

The evidence also tended to show that the plaintiff lived near the northern terminus of the road; that he was there on the 27th and 28th of January, in a situation to see the condition of the road there, and on the 27th, in the morning, was informed by one King that he tried to get through with his horse and sleigh and could not, and that the road had not been broken out; that on the evening of the 28th, he arrived at the southern terminus in Hamilton, about a mile from the southern terminus of the Ipswich part of this road; that he was in a situation to see that the road had not been broken out there; that there were tracks upon the road, indicating that one or two vehicles had passed; that he detached his team from his vehicle, and left his load of hay, and passed over the way to his home with his team of two yoke of oxen and two horses, and, in passing, was injured; that on the 29th he took his hay and went with it to Boston, and when he returned, on the morning of the 31st, about three o'clock, he entered upon the southern terminus with his said team, with two empty sleds, chained together, one behind the other, and passed over the road, and, in passing, was injured; that nothing had been done to repair the road in the mean time, and it was substantially in the same condition as when he passed over it on the 28th, except that on the 29th, three teams of four oxen each, and a sled, passed over the road.

The counsel for the defendants requested the court to instruct the jury:

1st. That if the plaintiff knew the road was obstructed with snow before he entered upon it, or when he could safely withdraw from it, he could not recover.

2d. If the plaintiff found the road impassable, but persisted in going through when he could return, he could not recover.

3d. If the plaintiff found the road so obstructed, that in the exercise of ordinary care, he should have avoided it, or retreated from it if he had entered upon it, and persisted in passing or attempting to pass through, he could not recover; and in such case, no neglect of the town to remove the obstruction would change his duty to avoid the road or retreat from the obstructed part.

4th. If the plaintiff was guilty of any negligence or indiscretion in attempting to pass over the road, he could not recover.

The court declined to instruct the jury in the manner requested, but, in reference to the case and the evidence upon which instructions were prayed, read to the jury the provisions of the statutes prescribing the duties of towns to keep roads safe and convenient, and giving a remedy for injuries received from defects in highways, and instructed them that the plaintiff must prove that the way was defective, out of repair, and had been so in this case for the period of twenty-four hours prior to the injury; that he received an injury when passing upon the road; that such injury resulted wholly from the defective condition of the road, without negligence on the part of the plaintiff; that he was bound to use ordinary care in entering and passing on the road; that if he was guilty of any negligence, and by his negligence, contributed to the injury, he could not recover; that he must be without fault himself; that they were to consider the evidence, as to the state of the road, and as to the care of the plaintiff on both the occasions when he received injury; and it was for them to determine, on all the evidence, whether he did exercise proper care on either or both the occasions when he was injured; that they would ascertain how all the facts were on each occasion, and what the plaintiff was required to do, in his situation, and with the knowledge he had, on each occasion; that on the second occasion of passing through, he had means of knowledge of the condition of the road, from having passed over its entire length on the 28th; and they might

be satisfied there was negligence on the second occasion, if they were not on the first; that in reference to his duty in not entering upon the road, or stopping or turning about when he found what was the condition of the road, he was bound to do all he could in the exercise of ordinary care, placed in the situation he was, to protect himself from injury; that it might be obstructed with snow, and yet not so much so as to indicate to him that he could not pass with safety without a load, or it might so indicate; if it did so indicate, it would be negligence in him to enter upon it; that as it appeared he did pass, it was not in fact impassable, on the first occasion, without a load or sled, nor on the second with one. On this it was a question for the jury to say whether he was negligent in passing as he did. It was for the jury to say, upon all the evidence, whether, on entering upon it, not retreating or turning about, there was any negligence on his part; if there was, he could not recover.

The jury having returned a verdict for the plaintiff, the defendants excepted to the instructions aforesaid.

*S. H. Phillips,* for the defendants.

*O. P. Lord,* for the plaintiff.

By the Court. This was mainly a question of fact; we think it was left to the jury under instructions not exceptionable in matter of law, and, therefore, that the judgment must be entered on the verdict for the plaintiff. The real point is, not whether the plaintiff was chargeable with any negligence in making his way over the road, after he had entered upon it; but whether he knew, or had reason to believe, that the road was dangerous, when he entered on it, or before he had reached any dangerous place. If so, he could not, in the exercise of ordinary prudence, proceed and take his chance, and if he should actually sustain damage, look to the town for indemnity. *Holman* v. *Townsend,* 13 Met. 297.

It is not sufficient, in such a case, to prove that the town was chargeable with negligence; that may be a breach of public duty. But unless a traveller, without knowledge or reasonable notice of the danger, and in the use of such ordinary care and caution, as a man of ordinary care would use,

in avoiding the dangers of travelling, sustain damage from the defect, he cannot recover. *Reed* v. *Northfield*, 13 Pick. 94.

It appears to the court, that this legal principle was fairly stated to the jury, and, therefore, the verdict must stand.

*Exceptions overruled.*